IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Spencer Lee Coker, # 32615-077, ) | |
| ) | Civil Action No. 6:14-1272-JMC-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Kenny Atkinson, Warden, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the respondent's motion to dismiss or, in the alternative, for summary judgment (doc. 15). The petitioner, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review petitions for relief and submit findings and recommendations to the district court.

The respondent filed his motion to dismiss or, in the alternative, for summary judgment (doc. 15) on June 10, 2014. The undersigned on June 11, 2014, issued a *Roseboro* order (doc. 16) to apprise the petitioner of dispositive motion procedure. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner filed his response (doc. 18) in opposition to summary judgment on June 30, 2014.

**FACTS PRESENTED**

The petitioner is a federal inmate at Federal Correctional Institution ("FCI") Edgefield. He is serving a sentence of 235 months for conspiracy to possess with intent to distribute fifty grams of more of methamphetamine (doc. 15-2 at 1). The petitioner's

convictions were entered in the United States District Court for the Western District of Texas (*id*.).

The petitioner challenges his conviction in a prison disciplinary proceeding at FCI-Fort Dix for aiding or abetting the possession, manufacture, or introduction of a hazardous tool, a cellphone (doc. 1). The conviction in the prison disciplinary proceeding resulted in the loss of 100 days of good time (*id.* at 8; doc. 1-1 at 1). The petitioner seeks expungement of the disciplinary report and restoration of the 100 days of good time (doc. 1 at 8).

The petitioner appealed the disciplinary conviction through the Federal Bureau of Prisons Administrative Remedy Procedure. Both the petitioner and counsel for the respondent indicate that the petitioner has exhausted his administrative remedies (doc. 1 at 7; doc. 15 at 3).

The prison disciplinary proceeding at Fort Dix began when the Federal Bureau of Investigation ("FBI") on December 12, 2011, contacted the Special Investigative Services Department ("SIS") at FCI-Fort Dix in reference to photographs of the petitioner appearing on a Facebook page belonging to Tammy Lockhart (doc. 15-3 at 1). According to counsel for the respondent, Tammy Lockhart is the petitioner's wife (doc. 15 at 4). An initial investigation by SIS determined that the photographs had been taken within the "secure perimeter" at FCI-Fort Dix by use of a cellphone and had been uploaded to the wife's Facebook account and to the petitioner's own Facebook account on "September 4, 2001,"[1] and on November 14, 2011 (doc. 15-3 at 1). During the initial investigation, the petitioner stated, "I Don't own a Phone" (*id*.). The matter was referred to the disciplinary hearing officer ("DHO") (*id*.).

---

[1]According to counsel for the respondent, the date September 4, 2001, is a typographical error in the incident report (doc. 15 at 11). The correct date, September 4, 2011, is in the finding of the DHO (doc. 15-6 at 2).

During the subsequent formal investigation conducted by Lieutenant D. Lazerson on December 15, 2011, the petitioner was advised of his right to remain silent at all stages of the disciplinary process, his right to make a statement, and his right to call witnesses (doc. 15-3 at 2). The petitioner acknowledged his rights, stated that he had no phone, photographs, or a Facebook page, and indicated that he had no witnesses to call (*id*.). As a result of the formal investigation, the petitioner was removed from the general population at FCI-Fort Dix and moved into the special housing unit (*id*.).

On December 20, 2011, the petitioner was given a "NOTICE OF DISCIPLINE HEARING" (doc. 15-4 at 1). On that form, the petitioner indicated that he did not wish to have a staff representative and did not wish to call witnesses (*id*.). The petitioner was also provided a form entitled "INMATE RIGHTS AT DISCIPLINE HEARING" (doc. 15-5). In that form, the petitioner was apprised that he had a right to a written copy of the charge(s), to have staff represent him before the DHO, his right to present a statement or to remain silent, the inferences that could be drawn from his silence, his right to be present during the disciplinary hearing, his right to be advised of the DHO's decision and the basis for the decision, and the right to appeal via the Administrative Remedy Procedure (*id*.). The petitioner on December 20, 2011, signed his acknowledgment of those rights (*id*.). A hearing was held before the DHO on January 19, 2012.

On February 21, 2012, the DHO concluded that the petitioner had used a cellphone to upload the photographs to Facebook on September 4, 2011, and on November 14, 2011 (doc. 15-6 at 1–2). The DHO ordered sixty days of disciplinary segregation, forfeiture of sixty days of non-vested good time, loss of commissary privileges for thirty days, loss of e-mail and phone privileges for eighteen months, loss of visitation privileges for thirty days, and a monetary fine of $24.08 (*id*. at 3). Appended to the DHO's decision are copies of a Facebook page (*id*. at 4) and four photographs (*id*. at 5–7).

3

The petitioner filed a timely appeal, wherein he contended that September 4, 2001, was an impossible date, stated that the Facebook account belonged to his son, and noted that no cellphone or mobile device had been found at FCI-Fort Dix (doc. 15-7 at 1–2). On January 17, 2013, the Regional Director concurred with the DHO's interpretation of the incident (Doc. 15-8 at 1). It appears that the petitioner properly appealed to the national office of the Federal Bureau of Prisons ("BOP" (doc. 15-10 at 1).

The respondent contends that the decision of the DHO complies with the evidentiary standard set forth in cases such as *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985) (doc. 15 at 9–13). With respect to the Facebook account allegedly own by the petitioner's son, counsel for the respondent contends that the actual ownership of the Facebook account is immaterial because the photographs uploaded were taken within the secure perimeter of FCI-Fort Dix and were uploaded to Facebook by the use of a mobile device (*id.* at 11–12).

In his response, the petitioner states or contends: (1) the motion to dismiss is not an answer, and the respondent should have been required to file an answer (doc. 18 at 2); (2) a *pro se* filing must survive a motion to dismiss under Rule 12(b)(6) or Rule 56 (*id.* at 2–4); and (3) since the respondents have not denied the petitioner's averments, those averments are deemed to be admitted (*id.* at 5).

Appended to the petitioner's response is the petitioner's affidavit (doc. 18-1). In his affidavit, the petitioner states that the BOP "has never produced any cell phone or witness that I ever possessed any prohibited object" (*id.* at 1); the petitioner informed "UDC" that he did not own a cellphone or have a Facebook page, but was found guilty and lost 100 days of good time and privileges (*id.* at 2); the petitioner was not silent at the hearing (*id.*); respondent has failed to produce the recorded minutes of the hearing (*id.*); the DHO should have recorded the minutes of the hearing instead of summarizing his recollections, which violates Due Process and BOP policy (*id.* at 2–3); the DHO's decision is arbitrary,

4

capricious, violates Due Process, and does not comply with the requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (*id*. at 3); the respondent is withholding the truth by concealing the record of the hearing (*id*. at 4); the petitioner has presented a sworn affidavit of Tammy Lockhart (*id*.); the uploaded photos were lawfully taken at FCI-Bastrop using lawfully purchased picture tickets (*id*.).

The affidavit of Tammy Lockhart indicates that she received the pictures in 2001 and that she "took a picture of these pictures" with her cellphone and uploaded them to her Facebook page and to her son's (Spencer R. Coker's) Facebook page (doc. 18-2). Also appended to the petitioner's response is his cover letter (doc. 18-3) and a copy of a response filed by inmate Julien Garcon in *Julien Garcon v. Warden Cruz*, Civil Action No. 6:13-2450-RMG-KFM (doc. 18-4).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold

demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Summary judgment is not "a disfavored procedural shortcut" but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

Although prisoners in prison disciplinary proceedings are entitled to certain Due Process rights, the rights afforded in prison disciplinary proceedings are less extensive than those required in a criminal trial in a court of record. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (it is well settled that a prisoner has some due process rights during a prison disciplinary proceeding but that the full panoply of rights due a defendant in a criminal prosecution does not apply); and *Bryan v. SCDC*, Civil Action No. 3:08-846-RBH-JRM, 2009 WL 3166632, at *5–6 (D.S.C. Sept. 29, 2009) (listing the due process rights required by *Wolff*), *aff'd*, 367 F. App'x 404 (4th Cir. Feb. 25, 2010). *Wolff* requires minimal due process when good time credits are taken away, *i.e.* (1) twenty-four hours advance written notice of charges; (2) a written statement by the fact-finder as to evidence relied upon in decision; (3) a written statement by the fact-finder as to the reason for disciplinary action taken; (4) an opportunity to call witnesses and present documentary

evidence, if institutional safety will not be jeopardized;[2] (5) counsel substitute if the inmate is illiterate or the case is complex; and (6) an impartial hearing tribunal. *See Wolff*, 418 U.S. at 563–71.

The DHO complied with the requirements set forth in *Wolff*. The investigating officer apprised the petitioner of the charges on December 15, 2011, by delivering to him the incident report, which referred the matter to a DHO (doc. 15-3). The petitioner on December 20, 2011, received written notice that a hearing would be held before the DHO (doc. 15-4; doc. 15-5). The plaintiff on December 20, 2011, acknowledged receipt of the notice and indicated that he had no witness to call and did not request a staff representative. The hearing was held on January 19, 2012 (doc. 15-6 at 1), so the requirement of twenty-four hours notice is met.

The DHO referred to the evidence of the photographs on the Facebook pages and provided a written statement as to why he concluded that the photographs had been taken at FCI-Fort Dix and had been uploaded to Facebook on September 4, 2011, and November 14, 2011 (doc. 15-6 at 1–3). Moreover, the petitioner was given the opportunity to support his contention that the photographs on Facebook had actually been taken at FCI-Bastrop in 2001 (*id*. at 1-2). Hence, the BOP has complied with the second and third prongs of the *Wolff* test. The fourth and fifth prongs of the *Wolff* test (the ability to call witnesses or present documentary evidence) are met because the petitioner apprised the BOP in writing that he had no witnesses to call and did not request representation (doc. 15-4 at 1).

Insofar as the petitioner is challenging the sufficiency of the evidence, controlling case law requires a federal court to accord deference to findings of fact made

---

[2]The United States Court of Appeals for the Fourth Circuit has held that inmates are not entitled to confront the witnesses against them in prison disciplinary proceedings. *See Brown v. Braxton*, 373 F.3d 501, 504–05 (4th Cir. 2004)

by a DHO. *See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) ("We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits."). In the above-captioned case, the DHO had photographs of the petitioner taken inside a federal prison that appeared on Facebook pages of the petitioner's spouse and son. Those photographs were uploaded to Facebook on September 4, 2011, and on November 14, 2011, using some sort of mobile device or cellphone (doc. 15-6 at 4–7). In light of such evidence, the DHO could reasonably conclude that photographs of the petitioner were taken within the secure perimeter of FCI-Fort Dix in 2011 and uploaded to Facebook on September 4, 2011, and on November 4, 2011. Although the cellphone used to upload the photographs onto Facebook may not have belonged to the petitioner, the DHO reasonably could have concluded that the taking of the petitioner's photographs and the uploading involved the use of a cellphone or other mobile device. The DHO's decision is supported by "some evidence in the record" and, therefore, satisfies "the minimum requirements of procedural due process" as set forth by the Supreme Court in *Hill*, 472 U.S. at 454.

The affidavit from the petitioner's wife (doc. 18-2) was not before the DHO, although the petitioner was apprised of his right to present documentary evidence (doc. 15-5). In fact, the DHO gave the petitioner the opportunity to support his claim that the photographs were taken at FCI-Bastrop in 2001, but the petitioner did not provide, at the hearing before the DHO, an explanation of how the photographs were uploaded to Facebook (doc. 15-6 at 1–2). The after-the-hearing submission of his wife's affidavit to this court provides no basis to overturn the decision of the DHO. *Cf. Wainwright v. Sykes*, 433 U.S. 72, 90 (1977) (trial is "'main event,' so to speak, rather than a 'tryout on the road'").

8

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the undersigned recommends that the respondent's motion to dismiss or, in the alternative, motion for summary judgment be treated as a motion for summary judgment because documentary evidence has been submitted, *see Starling v. United States*, 664 F. Supp. 2d 558, 563 (D.S.C. 2009), and that the motion for summary judgment (doc. 15) be granted.

s/Kevin F. McDonald
United States Magistrate Judge

October 31, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).