# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Spencer Lee Coker, ) | |
| ) | Civil Action No. 6:14-cv-01272-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Kenny Atkinson, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Spencer Lee Coker ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his conviction in a disciplinary proceeding at the Federal Correctional Institution Fort Dix ("FCI Fort Dix"). (ECF No. 1.) This matter is before the court on Respondent Kenny Atkinson's ("Respondent") Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 15).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling. On October 31, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment. (ECF No. 21.) This review considers Petitioner's Objections to Magistrate's Report and Recommendation ("Objections"), filed November 25, 2014. (ECF No. 26.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 15).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this

1

summary as its own. (*See* ECF No. 21.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated at Federal Correctional Institution Edgefield ("FCI Edgefield"). (ECF No. 1 at 2; ECF No. 15 at 1.) On February 21, 2012, a Disciplinary Hearing Officer ("DHO") at FCI Fort Dix, where Petitioner was housed at the time of the alleged incidents, concluded that Petitioner had used a cell phone or mobile device to upload photographs to Facebook on September 4, 2011, and November 14, 2011. (ECF No. 21 at 3.) The DHO ordered sixty (60) days of disciplinary segregation, forfeiture of sixty (60) days of non-vested good time, loss of commissary privileges for thirty (30) days, loss of e-mail and phone privileges for eighteen (18) months, loss of visitation privileges for thirty (30) days, and a monetary fine of $24.08. (*Id.*) Petitioner filed an appeal of the decision, which was denied by the Regional Director on January 17, 2013. (*Id.*) Petitioner filed this Petition on April 10, 2014. (ECF No. 1.) On June 10, 2014, Respondent filed his Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 15.)

On October 31, 2014, the Magistrate Judge issued the Report, recommending the court construe Respondent's Motion as one for Summary Judgment and grant the Motion. (ECF No. 21.) The Magistrate Judge found that the DHO complied with the due process requirements set forth in *Wolff v. McDonnell,* 418 U.S. 539, 563-71 (1974). (*Id.* at 7.) Further, the Magistrate Judge found, "[i]nsofar as the petitioner is challenging the sufficiency of the evidence, controlling case law requires a federal court to accord deference to findings of fact made by a DHO." (*Id.* at 7-8.) The Magistrate Judge found the DHO could reasonably conclude upon the evidence available that Petitioner committed the offense charged. (*Id.* at 8.) Finally, the Magistrate Judge found that an affidavit from Petitioner's wife, which Petitioner included in his

Response in Opposition to Motion to Dismiss (ECF No. 18; *see* ECF No. 18-2), "provides no basis to overturn the decision of the DHO," as Petitioner had not presented the affidavit to the DHO, even though he was told of his right to present documentary evidence. (ECF No. 21 at 8.)

Petitioner was granted an extension of time to file (ECF No. 29) and timely filed his Objections on November 24, 2014. (ECF No. 26.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir.

3

1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b).  In his Objections, Petitioner makes unsupported assertions or argues facts that are not material.  Petitioner first argues, "[i]t is undisputed that respondents [*sic*] have not come forth with any credible proof that petitioner[']s version of events are [*sic*] not true."  (ECF No. 26 at 3.)  Petitioner fails to specify precisely why the DHO's proof was not credible, nor any proof that this position is "undisputed."  "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."  *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).  Further, Petitioner argues that he has put forth credible evidence to support his version of events.  (ECF No. 26 at 3.)  He fails, however, to explain why this evidence, presumably the affidavit of his wife (*see* ECF No. 18-2), was not presented before the DHO.  As the Magistrate Judge noted, Petitioner was apprised of his right to present documentary evidence to the DHO and failed to do so.  (*See* ECF No. 21 at 8.)  Petitioner offers no explanation to justify this failure.  Petitioner additionally argues the issue of who owned the Facebook account to which the photos were uploaded, arguing he himself does not have a Facebook account and that Respondent has not provided proof he does.  (ECF No. 26 at 4.)  The court agrees with Respondent that the ownership of the Facebook account is immaterial, as the issue is with the uploading of photos onto Facebook—regardless as to which account—within

4

the secure perimeter of a Federal Correctional Institution.  (*See* ECF No. 15 at 11-12.)  Other than his own conclusory statements or disputes over immaterial facts, Petitioner offers no argument to dispute the Magistrate Judge's finding that the DHO's conclusions were reasonable.  Because Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.  The court does not find clear error and accepts the Report by the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 21).  It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 15) is **GRANTED** and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

United States District Judge

March 20, 2015
Columbia, South Carolina